# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01063-COA

ANTHONY WINDLESS A/K/A ANTHONY TERRELL WINDLESS                                           APPELLANT

v.

STATE OF MISSISSIPPI                                                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/2014 |
| TRIAL JUDGE: | HON. JOHNNIE E. WALLS JR. |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF IDENTITY THEFT AND SENTENCED TO SERVE TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 06/09/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND MAXWELL, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     Anthony Windless appeals his identity-theft conviction.  His appellate counsel filed a *Lindsey* brief,[1] claiming there were no arguable issues for appeal.  After an independent review of the record, we agree with his counsel.  We affirm Windless's judgment of conviction and sentence.

---

[1] *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005).

**Facts and Procedural History**

¶2. In July 2012, Charles Province lost his wallet, which contained his driver's license and Social Security card. Three months later, AT&T contacted Province about a bill for several phone lines that had been opened in his name without his authority. Province also received a bill from Verizon for unauthorized wireless accounts. Province had not given anyone permission to set up accounts in his name.

¶3. Detective Darryl Linzy obtained a Verizon invoice in Province's name, charging $1,778.41 for five phone lines. The invoice listed Windless's mother's address. According to Detective Linzy, Windless's mother and sister told him they were expecting the phones to be shipped to their home. He also testified Windless's sister told him she received the phones and signed for them at Windless's prompting. Linzy approached Windless, who was in jail on another matter, and asked him about the phones. Windless waived his *Miranda*[2] rights and admitted to Linzy he had used Province's information to set up the phone accounts.

¶4. At trial, Windless recanted. He claimed he only confessed to cover for his mother and sister. The jury found Windless guilty of identity theft. And the judge sentenced him to serve two years in Mississippi Department of Corrections custody. Windless's appellate attorney filed a *Lindsey* brief, claiming he could find no errors to raise. Windless declined the opportunity to file a pro se brief.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

**Discussion**

¶5.     When appellate counsel determines the record shows no appealable issues, counsel

must follow the procedures outlined in *Lindsey*:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of
> Appellate Procedure 28(a)(1)-(4), (7).
>
> (2) As part of the brief filed in compliance with Rule 28, counsel must certify
> that there are no arguable issues supporting the client's appeal, and he or she
> has reached this conclusion after scouring the record thoroughly, specifically
> examining:
>
> > (a) the reason for the arrest and the circumstances surrounding arrest;
> >
> > (b) any possible violations of the client's right to counsel;
> >
> > (c) the entire trial transcript;
> >
> > (d) all rulings of the trial court;
> >
> > (e) possible prosecutorial misconduct;
> >
> > (f) all jury instructions;
> >
> > (g) all exhibits, whether admitted into evidence or not; and
> >
> > (h) possible misapplication of the law in sentencing.
>
> (3) Counsel must then send a copy of the appellate brief to the defendant,
> inform the client that counsel could find no arguable issues in the record, and
> advise the client of his or her right to file a pro se brief.
>
> (4) Should the defendant then raise any arguable issue or should the appellate
> court discover any arguable issue in its review of the record, the court must,
> if circumstances warrant, require appellate counsel to submit supplemental
> briefing on the issue, regardless of the probability of the defendant's success
> on appeal.

3

> (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Moore v. State*, 119 So. 3d 1116, 1118-19 (¶10) (Miss. Ct. App. 2013) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶6.     Windless's attorney complied with *Lindsey*'s requirements.  After examining the record, he found no arguable appellate issues.  Windless's counsel then sent a copy of the *Lindsey* brief to Windless, advising Windless that, while he found no arguable issues, Windless had the right to file a pro se supplemental brief.  And Windless opted not to file a pro se brief.  We too have reviewed the record and find no arguable issues that would require supplemental briefing.  Our review shows Windless's conviction and sentence should be affirmed.  We thus affirm.

¶7.     **THE JUDGMENT OF THE QUITMAN COUNTY CIRCUIT COURT OF CONVICTION OF IDENTITY THEFT AND SENTENCE OF TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO QUITMAN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**