## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01066-COA

JASPRELL DILLARD                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                APPELLEE

DATE OF JUDGMENT:            07/21/2016
TRIAL JUDGE:                 HON. ALBERT B. SMITH III
COURT FROM WHICH APPEALED:   BOLIVAR COUNTY CIRCUIT COURT,
                             SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: W. DANIEL HINCHCLIFF
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BILLY L. GORE
DISTRICT ATTORNEY:           BRENDA FAY MITCHELL
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 09/12/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Jasprell Dillard was convicted by a jury in the Bolivar County Circuit Court, Second

Judicial District, of aggravated assault with a firearm and sentenced to serve fifteen years in

the custody of the Mississippi Department of Corrections, with an additional, consecutive

five-year sentence for the firearm enhancement, and five years' probation.

### FACTS AND PROCEDURAL HISTORY

¶2.     On April 12, 2014, a little after midnight, Joshua Hampton was driving slowly down

Martin Luther King Drive in Shaw, Mississippi, when he was shot.  Hampton was hit in the

neck and grazed on his arm. He crashed into a car on the side of the road, and a passerby told him he had been shot and to not move. Hampton told the officers responding to the scene that it was Dillard who had shot him. Hampton was then taken by helicopter to a hospital in Memphis, Tennessee, where he spent at least four months recovering.

¶3. Trial took place on June 8, 2016. Hampton testified that earlier that evening, prior to the shooting, he had been with Raneisha Early. Early had a child with Dillard, and Hampton testified that Dillard did not know Early was involved with Hampton. Hampton stated that he was driving his cousin's car that evening, and it had been parked outside of Early's house. Hampton testified that after leaving Early's house, he saw Marchello Gardner and Dillard on the street. Hampton testified that he knew both Gardner and Dillard. Gardner crossed the street, and Dillard remained on the left side of the street, on the driver's side of Hampton's car. Hampton stated that Dillard was standing under a streetlight, and when he turned and looked at Dillard, Dillard started shooting at him.

¶4. Investigator Michael Williams with the Bolivar County Sheriff's Department testified that he responded to the scene at the request of the Shaw Police Department. He took numerous photographs that depicted multiple bullet holes in the car. Investigator Williams testified that one of the police officers on the scene had given him Dillard's name as the suspect. Additionally, Investigator Williams testified that he interviewed Hampton at the hospital and that Hampton stated that Dillard had shot him. During trial, Hampton showed the jury scars on his arm and neck from the shooting. Additionally, Hampton identified Dillard in court as the person who had shot him. The jury found Dillard guilty of aggravated

2

assault with a deadly weapon, a firearm. Dillard now appeals, and his appellate counsel has filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

## DISCUSSION

¶5. On appeal, where the appellant's counsel does not find any arguable issues for review, the Mississippi Supreme Court has instructed that:

(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].

(2) As part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining:

(a) the reason for the arrest and the circumstances surrounding arrest;

(b) any possible violations of the client's right to counsel;

(c) the entire trial transcript;

(d) all rulings of the trial court;

(e) possible prosecutorial misconduct;

(f) all jury instructions;

(g) all exhibits, whether admitted into evidence or not; and

(h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental

briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Windless v. State*, 167 So. 3d 277, 278 (¶5) (Miss. Ct. App. 2015) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶6.     Here, Dillard's appellate counsel complied with the requirements set forth in *Lindsey*. After examining the record, he found no arguable issues for appeal.  Dillard's counsel sent a copy of the *Lindsey* brief to Dillard, advising him that he found no arguable issues in the record and also informing Dillard that he had the right to file a pro se supplemental brief. This Court granted Dillard an additional forty days to file a pro se brief, which Dillard has failed to do.  Our independent review of the record has not revealed any arguable issues that would require supplemental briefing.  Accordingly, we affirm Dillard's conviction and sentence.

¶7.     **AFFIRMED**.

    **IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**