# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01101-COA

**BENJAMIN MCCADNEY A/K/A BENJAMIN DESHUN MCCADNEY**        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/21/2016 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH III |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/07/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND WESTBROOKS, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. Benjamin McCadney was convicted by a jury in the Bolivar County Circuit Court of aggravated assault with a firearm enhancement. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, with an additional five-year sentence for the firearm enhancement, to run consecutively. Finding no arguable issue for appeal, McCadney's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). McCadney was given additional time to file a supplemental brief, which he has not done.

**FACTS AND PROCEDURAL HISTORY**

¶2.   On April 27, 2014, Moses Kizart Jr. left Rainey's club in Bolivar County, Mississippi, around 12:30 a.m. and stopped behind the liquor store to use the bathroom.  When Kizart turned around, a man with a bandana mask and a gun confronted him and shot him in the stomach.  Kizart charged at the man and pulled down the mask so that he was able to see the assailant's face.  Although he did not know the assailant's name, Kizart recognized him because he had often seen him driving and riding around the area in a white station wagon. Kizart tried to run, but the assailant pursued him and shot him again.  Kizart, having been shot in the stomach and chest, reached a house, and the police and an ambulance were dispatched.  Several police officers responded, and Kizart told them he was shot by a man wearing a black top.  Kizart was taken to a hospital in Memphis, Tennessee.

¶3.   At trial, Officer Michael Pointer testified that he was patrolling in the early morning hours of the attack and, following a call, was dispatched to the area.  He stated he saw a young man running near the scene of the attack, and he shined his spotlight on him and recognized that it was McCadney.  Officer Pointer stated he did not stop McCadney because he was wearing a white shirt, and the dispatch call described the assailant as wearing a black shirt.  Officer Pointer then witnessed McCadney get into a white station wagon.  Officer Pointer proceeded to the scene.  While searching the perimeter, Officer Pointer noticed the white station wagon drive by the scene, at which point he stopped the car and searched it. McCadney was no longer in the vehicle.  Investigator Melvin Sparks also responded to the scene.  He collected evidence found in the area by Officer Stanley Perry, which included a

2

black sweatshirt and a black bandana. The gun was not recovered. Several weeks later, Investigator Sparks visited Kizart in the hospital, where he was able to identify McCadney out of a photo lineup as the man who had shot him.

¶4. At trial, Officer Pointer identified McCadney as the man he saw running near the scene and who got into the white station wagon. Kizart also testified at trial and identified McCadney in the courtroom as the man who had shot him. Kizart indicated that he was supposed to testify against McCadney's friend, Thaxter Townsend, in a separate matter. McCadney, testifying on his own behalf, stated that he had never seen Kizart before and denied having any motive against him. McCadney denied getting into the station wagon, although he acknowledged that the vehicle was owned by Townsend's mother. He also testified that he was leaving work at the time Officer Pointer saw him. Following the trial, a unanimous jury found McCadney guilty of aggravated assault with a firearm.

**DISCUSSION**

¶5. On appeal, where the appellant's counsel does not find any arguable issues for review, the Mississippi Supreme Court has instructed:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].
>
> (2) As part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining:
>
>> (a) the reason for the arrest and the circumstances surrounding arrest;
>>
>> (b) any possible violations of the client's right to counsel;

3

(c) the entire trial transcript;

(d) all rulings of the trial court;

(e) possible prosecutorial misconduct;

(f) all jury instructions;

(g) all exhibits, whether admitted into evidence or not; and

(h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Windless v. State*, 167 So. 3d 277, 278 (¶5) (Miss. Ct. App. 2015) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶6.     Here, McCadney's appellate counsel complied with the requirements set forth in *Lindsey*.  After examining the record, he found no arguable issues for appeal.  McCadney's counsel sent a copy of the *Lindsey* brief to McCadney, advising him that he found no arguable issues in the record and also informing McCadney that he had the right to file a pro se supplemental brief.  This Court granted McCadney an additional forty-five days to file a pro se brief, which he has failed to do.  Our independent review of the record has not revealed any arguable issues that would require supplemental briefing.  Accordingly, we

4

affirm McCadney's conviction and sentence.

¶7.    **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.    TINDELL, J., NOT PARTICIPATING.**