# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KM-00401-COA

**PASQUALE SOLITRO A/K/A PASCAL SOLITRO**          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/01/2017 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MICHAEL DUANE MITCHELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | MATTHEW SULLIVAN |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 05/08/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.

### LEE, C.J., FOR THE COURT:

¶1. Pasquale Solitro was found guilty of driving under the influence (DUI), first offense, in the Jasper County Justice Court. He appealed his conviction to the Jasper County Circuit Court for a trial de novo. Following a bench trial in the circuit court, Solitro was convicted of common law DUI first offense and was sentenced to two days in jail; fined $1,000; ordered to attend and complete the Mississippi Alcohol Safety Education Program; and given a 90-day suspension of driving privileges. Finding no arguable issue for appeal, Solitro's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

Solitro was given additional time to file a supplemental brief, which he has not done.

## FACTS AND PROCEDURAL HISTORY

¶2. At trial, Mississippi Highway Patrol Trooper Kevin Bentley testified as the only witness on behalf of the State. Trooper Bentley testified that on November 15, 2014, he was dispatched to a wreck on Highway 15 North in Jasper County. When he arrived on the scene, he found a vehicle with significant front-end damage off the road and in the bushes of a private residence's yard. Trooper Bentley encountered a deputy sheriff, who pointed him toward the driver—Solitro. Trooper Bentley testified that when he approached Solitro, he immediately detected the presence of an alcoholic beverage coming from Solitro's person and breath. He also noticed that Solitro had urinated on himself. As he attempted to gather information and question Solitro about what happened, Solitro became belligerent and did not want to answer any questions. Trooper Bentley testified that it was at this point that the disorderly conduct came about, and he realized that Solitro was intoxicated. Subsequently, Trooper Bentley informed Solitro he was under arrest and placed him in handcuffs. Trooper Bentley then went over to the vehicle to examine its condition and noticed there were empty beer cans in the rear of the vehicle and in the passenger-side floorboard. At this time, Solitro attempted to run away, and Trooper Bentley then placed Solitro in the back of the patrol car.

¶3. Trooper Bentley testified that Solitro was unable to stand up and even at one point fell down. He stated he did not offer Solitro a field sobriety test and did not recall whether he offered Solitro a portable breath test at the scene. Trooper Bentley then transported Solitro to the county jail to process him, and stated that on the way, Solitro was spitting on him,

2

cursing, and slurring his words. Because of this, Trooper Bentley pulled Solitro's shirt over his head while in the patrol car and took a picture of Solitro which was shown at trial. At the jail, Trooper Bentley offered Solitro the Intoxilizer 8000, which Solitro refused. Trooper Bentley testified he could not recall whether any other law enforcement officers witnessed him offer the Intoxilizer to Solitro and that he did not have a video recording of him offering Solitro the Intoxilizer.

¶4.     Solitro testified in his own defense. He stated that on the day of the wreck, he was driving to his uncle's house to watch a football game on television, and he had purchased a case of beer, which was in the back seat of the vehicle. Solitro stated that while driving, a couple of deer came out, and he overcorrected, consequently running off the road into the gully. He stated he was knocked out for a few minutes, and when he came to, he was covered with beer which had come forward from the back seat and exploded on impact. He stated he had not been drinking. He also stated that he suffered a concussion. Though offered, Solitro did not receive any medical attention at the scene. He did go to the doctor seven or eight days later with complaints of headaches, where he was diagnosed with a concussion.

¶5.     Solitro further testified that despite his concussion, he could clearly recall his interaction with Trooper Bentley. Solitro denied that he attempted to run away at the scene and that he spit on Trooper Bentley. He also denied that he had urinated on himself, but rather that he was covered with beer from the cans exploding on impact. The trial court noted, however, that the photograph Trooper Bentley had taken of Solitro revealed that

3

Solitro's shirt was dry and Trooper Bentley had testified that Solitro's shirt was dry. Solitro also stated that Trooper Bentley did not offer him the Intoxilizer on the date of the incident.

¶6. Following the bench trial, the judge found that Solitro's testimony was not credible and that Trooper Bentley's testimony was credible. Based on Trooper Bentley's testimony and the evidence in the case, the judge found Solitro guilty of first offense DUI. Again, Solitro's counsel filed an appellate brief but represents to this Court that there are no arguable issues for appeal.

## DISCUSSION

¶7. On appeal, where the appellant's counsel does not find any arguable issues for review, the Mississippi Supreme Court has instructed:

(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].

(2) As part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining:

(a) the reason for the arrest and the circumstances surrounding arrest;

(b) any possible violations of the client's right to counsel;

(c) the entire trial transcript;

(d) all rulings of the trial court;

(e) possible prosecutorial misconduct;

(f) all jury instructions;

(g) all exhibits, whether admitted into evidence or not; and

4

(h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Windless v. State*, 167 So. 3d 277, 278 (¶5) (Miss. Ct. App. 2015) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶8. In the instant case, Solitro's appellate counsel filed a brief pursuant to the requirements set forth in *Lindsey* and represents to this Court that

he has diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court on [Solitro's] behalf in good faith for appellate review, and upon conclusion, found no errors which were ultimately prejudicial to [Solitro.]

Solitro's appellate counsel further asserts that

[t]he entire record and transcript were scrupulously reviewed and matters considered in counsel's search for error included: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the defendant's right to counsel; (c) the sufficiency of the indictment; (d) the weight and sufficiency of the evidence; (e) speedy trial issues; (f) all rulings of the trial court; (g) possible issues of ineffective counsel; (h) all jury instructions; (i) the admission or exclusion of all exhibits; (j) possible prosecutorial misconduct; and (k) possible misapplication of the law in sentencing.

Solitro's appellate counsel concludes that he is "unable to argue, in good faith, any

prejudicial error."

¶9.    Accordingly, Solitro's appellate counsel has complied with the requirements set forth in *Lindsey*.  After examining the record, he found no arguable issues for appeal.  Also, Solitro's counsel sent a copy of the *Lindsey* brief to Solitro, advising him that he found no arguable issues in the record and informing Solitro that he had the right to file a pro se supplemental brief.  This Court granted Solitro an additional forty days to file a pro se brief, which he has not done.

¶10.   Our independent review of the record has not revealed any arguable issues that would require supplemental briefing, and we find there was sufficient evidence to support the trial court's finding that Solitro was guilty of the charged offense of common law DUI first offense.  "Common law DUI is proven when a defendant's blood alcohol results are unavailable but there is sufficient evidence to show that the defendant operated a motor vehicle under circumstances indicating his ability to operate the vehicle was impaired by the consumption of alcohol."  *Jefferson v. State*, 151 So. 3d 261, 265-66 (¶10) (Miss. Ct. App. 2014).  We also note that "[t]he trial judge has sole authority to determine the credibility of a witness when sitting as the trier of fact in a bench trial" and this Court "will affirm a trial judge sitting without a jury on a question of fact unless substantial evidence shows the trial judge was manifestly wrong."  *Matthews v. City of Madison*, 143 So. 3d 571, 573 (¶4) (Miss. 2014).  Therefore, we affirm Solitro's conviction and sentence.

¶11.   **AFFIRMED.**

       **IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

6