# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00547-COA

**BYRON ARMSTRONG A/K/A BYRON J. ARMSTRONG A/K/A BYRON JAMELL ARMSTRONG**                                   APPELLANT

v.

**STATE OF MISSISSIPPI**                                                  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/16/2017 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | PERRY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR GERBER |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/23/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Byron Armstrong was convicted of murder and possession of a weapon by a convicted felon.  Armstrong was sentenced as a violent habitual offender to two life-without-parole sentences, with the sentences to be served concurrently in the custody of the Mississippi Department of Corrections.  Finding no arguable issue for appeal, Armstrong's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).  This Court gave Armstrong additional time to file a supplemental brief, which he has not done.

### FACTS

¶2.   Armstrong admittedly killed James Hartfield but claimed he did so in necessary self-defense.  Hartfield had confronted Armstrong about a drug sale that had occurred the previous day.  Hartfield felt that Armstrong had not given him all of the pills for which he had paid.  The confrontation occurred at Jerome McLeod's house.  McLeod was Armstrong's grandfather, and Armstrong was living with him at the time.  McLeod testified that he had seen Armstrong with a gun sometime during the week prior to Hartfield's death, but he did not see Armstrong with the gun on the day of Hartfield's death.  When Hartfield arrived at the house, McLeod spoke with him, and Hartfield showed him a bag of pills.  McLeod testified that he did not see Hartfield carrying a gun.

¶3.   Andrew Krause testified that he drove Hartfield to McLeod's house to find Armstrong.  Krause, waiting in the car, saw Hartfield knock on the door and then go around the side of McLeod's house.  A few minutes later, Krause heard several gunshots.  Krause left the scene and called the local authorities.

¶4.   When the police arrived, they found Hartfield dead and the gun approximately ten to fifteen yards away.  According to police, Armstrong stated that he threw the gun across the yard after the shooting.  They also found a bag of pills and a cell phone under Hartfield's body.  Hartfield had three gunshot wounds located in his neck, left arm, and right leg.  The medical examiner described the gunshot wounds as "distant," or "beyond three and a half to four feet between the muzzle and the skin."

¶5.   One of the responding officers testified that Armstrong said he got into an altercation with Hartfield, took Hartfield's gun, and as he was stumbling backward, shot Hartfield.

¶6.    Armstrong's sister, "BW,"[1] who was ten years old at the time of the shooting, testified that she saw Armstrong and Hartfield fighting.  She then saw Hartfield pull out a gun, Armstrong take the gun, and Armstrong shoot Hartfield several times.

¶7.    At the close of trial, the jury was instructed on deliberate-design murder, manslaughter, and self-defense but found the evidence supported a murder conviction.

## DISCUSSION

¶8.    On appeal, where the appellant's counsel does not find any arguable issues for review, the Mississippi Supreme Court has instructed:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].
>
> (2) As part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining:
>
> > (a) the reason for the arrest and the circumstances surrounding arrest;
> >
> > (b) any possible violations of the client's right to counsel;
> >
> > (c) the entire trial transcript;
> >
> > (d) all rulings of the trial court;
> >
> > (e) possible prosecutorial misconduct;
> >
> > (f) all jury instructions;
> >
> > (g) all exhibits, whether admitted into evidence or not; and
> >
> > (h) possible misapplication of the law in sentencing.

---

[1] Initials are used to protect the identity of the minor.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Windless v. State*, 167 So. 3d 277, 278 (¶5) (Miss. Ct. App. 2015) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶9.    Here, Armstrong's appellate counsel complied with the requirements set forth in *Lindsey*. After examining the record, she found no arguable issues for appeal. Armstrong's counsel sent a copy of the *Lindsey* brief to Armstrong, advising him that she found no arguable issues in the record and also informing Armstrong that he had the right to file a pro se supplemental brief. This Court granted Armstrong an additional forty days to file a pro se brief, which he has failed to do. Our independent review of the record has not revealed any arguable issues that would require supplemental briefing. Accordingly, we affirm the judgment of Armstrong's conviction and sentence.

¶10.   **AFFIRMED.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.**

4