MAXWELL, J.,
for the Court:
¶ 1. Charles Moore, a/k/a C.W., shot Horace Walker Jr. outside Moore’s nightclub in Clarksdale, Mississippi. He was convicted of aggravated assault and sentenced to twelve years’ imprisonment, with five years suspended. He now appeals.
¶ 2. His appellate counsel submitted a “Lindsey brief’[1] — a brief in which counsel, after detailing the facts and procedural history, certified he had diligently scoured the record but could find no arguable issues for appeal. After an independent review of the record, we too are satisfied that no arguable error occurred. We affirm Moore’s judgment of conviction and sentence.
Background
¶ 3. The afternoon before the August 8, 2011 shooting, Moore’s brother, George, and Moore’s victim, Walker, were playing cards at Moore’s nightclub, C.W.’s. According to witnesses, George and Walker got into a fight that ended in Walker saying as he left, “Somebody’s gonna die.”
¶ 4. Walker returned to the club later that evening, this time getting into a fight with Moore. Moore pulled a knife on Walker and kicked him out of the club. Walker threatened, “It ain’t over with.” Though Moore ended up calling the police, Walker was gone by the time an officer arrived.
¶ 5. Around 2:30 a.m., Walker made a third trip to C.W.’s. Moore was swatting his nephew with a pool cue for taking bags of potato chips from the bar without permission when Walker encountered Moore in the parking lot. George was also in the parking lot. According to witnesses, George walked up to Walker and put his hands in Walker’s face. When Walker knocked George’s hands away, George told his brother Moore, who had a gun, to “shoot him.” And Moore did.
¶ 6. Walker sustained a gunshot wound to the abdomen and was taken to a local hospital for treatment. Moore told the police, “I’m the one who shot him and I wish he had died.” An officer recovered. Moore’s .38-caliber pistol from his truck.
¶ 7. At trial, Moore claimed self-defense. He testified that Walker approached him, not his brother, while he had his gun drawn. And it was when Walker knocked *1118 Moore’s hand that Moore fired the gun. While Moore admitted he never saw a gun on Walker, he testified that he knew Walker had a gun and believed Walker was going to kill him.
¶ 8. Moore was indicted for violating Mississippi Code Annotated section 97-3-7(2) (Rev.2006), by purposely or knowingly causing bodily injury to Walker with a deadly weapon.[2] At trial, the jury heard testimony from the eyewitnesses who saw Moore shoot Walker. They also heard Moore’s audio-recorded confession to police, as well as Moore’s testimony that he shot Walker in self-defense. The jury was instructed that to find Moore guilty of aggravated assault, it had to find beyond a reasonable doubt that Moore purposefully caused bodily injury to Walker with a deadly weapon, “to-wit: a pistol.” And the jury was further instructed that if the State failed to prove beyond a reasonable doubt that Moore did not act in necessary self-defense, it had to find Moore not guilty.
¶ 9. The jury found Moore guilty of aggravated assault. The trial judge sentenced him to twelve years in the custody of the Mississippi Department of Corrections, with five suspended. Within ten days of the final judgment, Moore filed post-trial motions for a judgment notwithstanding the verdict or a new trial. When these motions were denied, Moore timely appealed in forma pauperis.
Discussion
¶ 10. Moore’s appellate counsel, who did not represent him at trial, has determined from the record that there are no arguable appellate issues. The Mississippi Supreme Court has laid out a five-step procedure for this situation:
(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(l)-(4),(7)[.]
(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining:
(a) the reason for the arrest and the circumstances surrounding arrest;
(b) any possible violations of the client’s right to counsel;
(c) the entire trial transcript;
(d) all rulings of the trial court;
(e) possible prosecutorial misconduct;
(f) all jury instructions;
(g) all exhibits, whether admitted into evidence or not; and
(h) possible misapplication of the law in sentencing.
(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
*1119 (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
Lindsey v. State, 939 So.2d 743, 748 (¶ 18) (Miss.2005) (internal citations omitted).
¶ 11. Moore’s appellate counsel filed a brief with a detailed procedural and factual history that cited the record. Counsel certified he reached his conclusion that there are no arguable issues on appeal after scouring the record and specifically examining relevant issues. Counsel also confirmed he had sent a copy of the brief to Moore and informed Moore of his right to file a pro se brief. But Moore did not file a pro se brief. And we do not find the circumstances warrant supplemental briefing. All that remains is that we consider the merits of Moore’s appeal.
¶ 12. We have reviewed the record and agree with Moore’s counsel that there are no arguable assignments of error. Moore received proper notice of the aggravated-assault charge based on his injuring Walker with a deadly weapon. See Miss. Code Ann. § 97-3-7(2) (Rev.2006). Moore exercised his right to testify in his defense and was granted a jury instruction on his theory of self-defense. The jury’s guilty verdict was not against the overwhelming weight of the evidence and was supported by sufficient evidence. And Moore’s twelve-year sentence is within the statutory minimum and maximum. See id.
¶ 13. We affirm Moore’s conviction and sentence.
¶ 14. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. Lindsey v. State, 939 So.2d 743, 748 (¶ 18) (Miss.2005).

. Since the shooting, Mississippi’s assault statute has been amended. While the substance of the crime of aggravated assault by causing bodily injury to another with a deadly weapon has not changed, assault with a deadly weapon is now codified under subsection 97-3-7(2)(a)(ii). The version in effect at the time of the shooting codified assault with a deadly weapon under subsection 97-3-7(2)(b).