ROBERTS, J.,
for the Court:
¶ 1. In the Circuit Court of Hinds County, a jury found Cortez Washington guilty of one count of armed robbery. Washington was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and five years of supervised probation. The circuit court denied Washington’s post-trial motion, and Washington filed the present appeal.
FACTS AND PROCEDURAL HISTORY
¶ 2. On the night of January 4, 2010, two men dressed in all-black clothing entered a Waffle House in Jackson, Mississippi. Upon entering the restaurant, one man displayed a handgun and demanded money from the cash register and safe. Waffle House employees did not have the safe’s combination, so the men took the money from the cash register and left the restaurant.
*881 ¶ 3. There were several eyewitnesses to the crime. Freda Austin, a Waffle House employee, informed police that she had gone to high school with the man carrying the gun. She identified him as “Mook,” and he was later determined to be Washington. Another eyewitness testified that he saw Washington drop the hat he was wearing as the men fled the restaurant. Police were able to recover the hat, and DNA samples collected from it matched samples taken from Washington.
¶ 4. Washington was indicted for two separate counts of armed robbery, the first having occurred on January 4, 2010, and the second on January 18, 2010. After hearing testimony from the eyewitnesses and other evidence linking Washington to the crimes, the jury convicted Washington on one count of armed robbery that occurred on January 4, 2010. The circuit court declared a mistrial as to the second count stemming from an incident on January 18, 2010. Washington was sentenced to serve twenty-five years in the custody of the MDOC, with ten years suspended and five years of supervised probation. Washington filed a motion for a judgment notwithstanding the verdict or, alternatively, for a new trial; the circuit court denied the motion.
¶ 5. Washington filed the present appeal. His appellate counsel submitted a Lindsey brief, which is a “brief in which counsel, after detailing the facts and procedural history, certified he had diligently scoured the record but could find no arguable issues for appeal.” Moore v. State, 119 So.3d 1116, 1117 (¶ 2) (Miss.Ct.App.2013) (citing Lindsey v. State, 939 So.2d 743, 748 (¶ 18) (Miss.2005)).
ANALYSIS
¶ 6. The Mississippi Supreme Court has implemented a five-step procedure to follow in cases where appellate counsel represents an indigent criminal defendant, and appellate counsel does not believe the client’s case presents any arguable issues on appeal. Lindsey, 939 So.2d at 748 (¶ 18). The procedure is as follows:
(1) Counsel must file'and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)—(4), (7)[.]
(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining:
(a) the reason for the arrest and the circumstances surrounding arrest;
(b) any possible violations of the client’s right to counsel;
(c) the entire trial transcript;
(d) all rulings of the trial court;
(e) possible prosecutorial misconduct;
(f) all jury instructions;
(g) all exhibits, whether admitted into evidence or not; and
(h) possible misapplication of the law in sentencing.
(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
*882 Id. (internal citations and footnotes omitted). Washington’s appellate counsel filed a Lindsey brief asserting that after a diligent search, she could not find any arguable issue to present for appellate review. Appellate counsel stated that she had reviewed the record for the following: (1) The reason for and circumstances surrounding Washington’s arrest; (2) any possible violations of Washington’s right to counsel, including whether he received ineffective assistance of counsel; (3) the trial transcript and content of the record; (4) the circuit court’s rulings; (5) possible prosecutorial misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misapplication of the law in Washington’s sentence; (9) Washington’s indictment and all of the pleadings in the record; and (10) whether the verdict was against the overwhelming weight of the evidence. Also pursuant to Lindsey, Washington’s appellate counsel notified him that she could find no arguable issue and that he had the right to file a pro se brief. Washington did not file a pro se brief in this appeal. The only remaining step is for this Court to conduct an independent review of the record to determine if any arguable issues exist warranting review.
¶ 7. After a thorough review of the record, we do not find any such issues exist. Washington received proper notice of the armed-robbery charges against him. Washington, who was represented at trial by hired counsel, was provided his constitutional right to testify in his own defense; however, he declined to exercise that right. The jury’s guilty verdict was not against the overwhelming weight of the evidence and was supported by sufficient evidence. At trial, the State produced testimony from an eyewitness who recognized Washington as a former classmate and was able to positively identify him as the man carrying the gun; she also identified him from a photographic lineup. DNA evidence recovered from a hat outside of the restaurant matched samples taken from Washington, and witnesses confirmed that the hat recovered was the one Washington was wearing at the time of the armed robbery but dropped as he was fleeing the restaurant. Finally, Washington’s twenty-five year sentence, with ten years suspended and five years of supervised probation, is within the statutory guidelines found in Mississippi Code Annotated section 97-3-79 (Rev.2006). Therefore, we affirm Washington’s conviction and sentence.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF ONE COUNT OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.