# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00274-COA

**WILLIAM GRADY A/K/A WILLIAM LEE GRADY**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/29/2017 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: MOLLIE MARIE McMILLIN |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KATY TAYLOR GERBER |
| | SCOTT STUART |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/02/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.  A jury in the Forrest County Circuit Court convicted William Grady of possession of a weapon by a convicted felon in violation of Mississippi Code Annotated section 97-37-5 (Rev. 2014).  The trial court sentenced Grady to ten years, with five years to be served in the custody of the Mississippi Department of Corrections (MDOC) and five years suspended pursuant to and in conformity with post-release supervision.  The trial court also ordered Grady to pay a $500 fine, a $200 assessment to the Mississippi Crime Victim Compensation Program, $1,000 in restitution to the Forrest County Public Defenders' Fund, and all court

costs.

¶2.　Grady filed a motion for a new trial or for a judgment notwithstanding the verdict (JNOV), which was denied, and he appealed. The Office of State Public Defender, Indigent Appeals Division, filed a *Lindsey* brief certifying that there are no arguable claims to be raised on appeal.[1]　Although this Court granted Grady additional time to file a pro se supplemental brief, Grady did not file one.　After an independent review of the record, we agree with Grady's counsel.　We affirm Grady's judgment of conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶3.　The Forrest County Sheriff's Department searched Grady's home in Hattiesburg pursuant to a search warrant related to a drug sale.　Deputy Rafael Bailey found a pink .380-caliber Ruger gun inside Grady's bedroom, lying at the head of the bed.　Deputy Bailey testified that the gun was loaded and was within arm's reach of anyone lying in the bed.　The gun had been reported stolen from Harrison County and was turned over to the Harrison County Sheriff's Department.　Grady was arrested and charged for possession of the gun after law enforcement officers determined that he was a convicted felon.

## DISCUSSION

¶4.　When appellate counsel determines that the record shows no appealable issues, counsel must follow the procedures outlined in *Lindsey*:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].
>
> (2) As part of the brief filed in compliance with Rule 28, counsel must certify

---

[1] *See Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining:

> (a) the reason for the arrest and the circumstances surrounding arrest;
>
> (b) any possible violations of the client's right to counsel;
>
> (c) the entire trial transcript;
>
> (d) all rulings of the trial court;
>
> (e) possible prosecutorial misconduct;
>
> (f) all jury instructions;
>
> (g) all exhibits, whether admitted into evidence or not; and
>
> (h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Moore v. State*, 119 So. 3d 1116, 1118-19 (¶10) (Miss. Ct. App. 2013) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶5.     Grady's attorney complied with *Lindsey*'s requirements. After examining the record, she found no arguable appellate issues. Grady's counsel then sent a copy of the *Lindsey* brief to Grady, advising him that, while she found no arguable issues, Grady had the right to file

a pro se supplemental brief. Although this Court granted Grady additional time for him to do so, Grady opted not to file one. After review of the record, we find no arguable issues that would require supplemental briefing. Based on our review, Grady's conviction and sentence should be affirmed. We thus affirm.

¶6.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**