# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-00713-COA

**JOSEPH HARRIS A/K/A JOSEPH E. HARRIS**          **APPELLANT**
**A/K/A JOSEPH EUNARD HARRIS**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/2019 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY JR. |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/26/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. Joseph Harris was convicted of possession of methamphetamine pursuant to Mississippi Code Annotated section 41-29-139 (Supp. 2016). The Jones County Circuit Court sentenced Harris to eight years in the custody of the Mississippi Department of Corrections (MDOC), with seven years to serve and the remaining time suspended on condition of the successful completion of one year of post-release supervision (PRS). The trial court also ordered Harris to pay a $3,000 fine.

¶2. Finding no arguable issues to appeal, Harris's appellate counsel filed a brief pursuant

to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). Harris was given additional time to file a supplemental brief, but he failed to do so. After an independent and thorough review of the record, we agree that there are no arguable issues and that the evidence was sufficient to support the conviction. Therefore, we affirm.

**FACTS**

¶3.     At approximately 10:00 p.m. on September 28, 2017, Officer Justin Landrum, a patrolman with the Laurel Police Department, responded to a call reporting a disturbance. Officer Landrum testified at trial that several homeowners had called the police department to report that a male wearing a white jersey was assaulting a female in the road. When Officer Landrum arrived at the scene, he encountered Harris in the road and detained him for investigative questioning. Officer Landrum testified that Harris was not under arrest; however, Officer Landrum patted Harris down to check him for weapons. Officer Landrum testified that during the pat down, Harris "stated that there was methamphetamine in his pants pocket." Officer Landrum retrieved the suspected methamphetamine from Harris's pants pocket, put it in his patrol car, and contacted Sergeant Jake Driskell from the police department's narcotics unit. At Sergeant Driskell's direction, Officer Landrum then arrested Harris and took him to the Jones County jail.

¶4.     Sergeant Driskell testified that he met Officer Landrum at the police department to take possession of the suspected methamphetamine, which Sergeant Driskell described as a white crystal-like substance in two small, clear plastic bags. The following day, Sergeant Driskell testified that he met with Harris and advised him of his constitutional rights and his

2

opportunity to waive those rights. Harris signed a waiver of his rights, and Sergeant Driskell then questioned Harris. At trial, Harris's video-recorded interview was played for the jury. The video purports to show Harris agreeing to speak with Sergeant Driskell and admitting that he had drugs in his pocket.

¶5. Sergeant Driskell testified that he sent the evidence bag containing the alleged methamphetamine to the Mississippi Forensics Laboratory. At trial, Eric Frazier, an analyst at the Mississippi Forensic Laboratory, testified that he tested the submitted substance. Frazier testified that items submitted into the laboratory contained methamphetamine and that the gross weight was 3.13 grams.

¶6. After a trial on the matter, the jury returned a verdict, finding Harris guilty of possession of methamphetamine. The trial court sentenced Harris to serve eight years in the custody of the MDOC, with seven years to serve and the remaining time suspended on condition of the successful completion of one year of PRS, and ordered Harris to pay a $3,000 fine. Harris filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, which the trial court denied. This appeal followed.

## DISCUSSION

¶7. The Mississippi Supreme Court has stated that when appellate counsel determines the record shows no appealable issues, counsel must follow the procedures outlined in *Lindsey*:

(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].

(2) As part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record

3

thoroughly, specifically examining:

> (a)  the reason for the arrest and the circumstances surrounding arrest;
>
> (b)  any possible violations of the client's right to counsel;
>
> (c)  the entire trial transcript;
>
> (d)  all rulings of the trial court;
>
> (e)  possible prosecutorial misconduct;
>
> (f)  all jury instructions;
>
> (g)  all exhibits, whether admitted into evidence or not; and
>
> (h)  possible misapplication of the law in sentencing.

(3)  Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4)  Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5)  Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Moore v. State*, 119 So. 3d 1116, 1118-19 (¶10) (Miss. Ct. App. 2013) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶8.    In the present case, we find that Harris's appellate counsel complied with the requirements set forth in *Lindsey*. *See Lindsey*, 939 So. 2d at 748 (¶18). Harris's appellate counsel stated that he reviewed the following: (a) the reason for the arrest and the

4

circumstances surrounding Harris's arrest; (b) any possible violations of Harris's right to counsel; (c) the entire trial transcript and contents of the record; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing; (i) the indictment and all of the pleadings in the record; (j) any possible ineffective assistance of counsel; and (k) whether the verdict is supported by the overwhelming weight of the evidence. After finding no arguable issues, Harris's counsel then sent a copy of the *Lindsey* brief to Harris and advised him that while counsel found no arguable issues, Harris had the right to file a pro se supplemental brief. Although this Court granted Harris additional time for him to do so, Harris opted not to file a supplemental brief.

¶9. After independently and thoroughly reviewing the record, we find no arguable issues that would require supplemental briefing. *See Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015); *Grady v. State*, 281 So. 3d 272, 274 (¶5) (Miss. Ct. App. 2019). Accordingly, we affirm Harris's conviction and sentence.

¶10. **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**