# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-01327-COA

**FELICIA BARDEN A/K/A FELICIA COTESSA BARDEN**    APPELLANT

v.

**STATE OF MISSISSIPPI**    APPELLEE

DATE OF JUDGMENT:            06/16/2021
TRIAL JUDGE:                 HON. CELESTE EMBREY WILSON
COURT FROM WHICH APPEALED:   DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: ZAKIA HELEN ANNYCE BUTLER
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: ALLISON ELIZABETH HORNE
DISTRICT ATTORNEY:           JOHN CHAMPION
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 03/07/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT**:

¶1.    In February 2020, a DeSoto County, Mississippi grand jury indicted Felicia Barden a/k/a Felicia Cotessa Barden for one count of murder under Mississippi Code Annotated section 97-3-19(1)(a) (Supp. 2017).  Following a jury trial in the DeSoto County Circuit Court, Barden was convicted of one count of first-degree murder.  The trial court sentenced Barden to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections (MDOC).  Barden's trial counsel filed a motion for judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial.  The trial court denied Barden's motion. Barden appealed.

¶2.     Barden's appointed counsel filed a brief consistent with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating that counsel could find no arguable issues for appeal. This Court issued an order allowing Barden forty days to file a pro se supplemental brief. Barden did not file a supplemental brief. After an independent and thorough review of the record, we agree that there are no arguable issues for appeal. Accordingly, we affirm Barden's conviction and sentence.

## STATEMENT OF FACTS

¶3.     Barden was tried for murder in June 2021. Her son Joshua Price testified for the State. On the morning of November 12, 2019, he called 911 to report a shooting at his family's Olive Branch residence. Earlier that morning, his mother called him at work and told him that she had shot his stepfather, Willie Barden. Price contacted his boss and told her that he needed to leave work "because of a family emergency." When he arrived at the home, Price discovered Willie shot and unresponsive in the master bathroom. Justin Cook, a paramedic who arrived on the scene, testified that he and his co-workers assessed Willie's condition and determined that Willie was deceased.

¶4.     The Bardens' home had a security system with cameras inside and outside their home. One camera was above the master bedroom door (pointing out from the bedroom). The hallway leading into the master bedroom is in that camera's recording range. The master bathroom is connected to the master bedroom. Price testified that when he arrived at the Barden home, his mother was "frantic." She told him to get the home-security digital video

2

recorder (DVR) and "throw it away." Price threw the DVR device in a trash bin on the side of the house.

¶5.     When Price returned from throwing the device away, he found his mother in bed with a gun in her mouth. Price took the gun away from Barden and hid it in a cupboard. Deputies arrived shortly thereafter. Price was taken to the police station to provide a statement. He voluntarily gave a statement to investigators and told them that his mother confessed to him that she shot Willie.

¶6.     Detective Chip Logan testified that during the officers' search of the Bardens' home, they discovered the home-security DVR device in the trash and the gun in the cupboard. They also recovered four cellular devices. Extractions from Barden's phone revealed a message in which Willie expressed a desire to divorce Barden the day before the incident. Her phone also contained several Google searches regarding divorce and also contained a suicide note (in the form of a text message) drafted the morning of the incident.

¶7.     Video footage retrieved from the home-security DVR device showed Barden leaving her master bedroom on the morning of the shooting and returning from the garage with a firearm in her hand. Gunshot residue testing revealed residue on the back of Willie's and Barden's hands.

¶8.     The defense did not present any witnesses.

¶9.     The jury convicted Barden of one count of first-degree murder in violation of section 97-3-19(1)(a). The trial court sentenced Barden to serve a term of life imprisonment in the

3

custody of the MDOC. The trial court denied Barden's post-trial motion for a JNOV or a new trial. Barden appealed.

## DISCUSSION

¶10. In *Lindsey*, the Mississippi Supreme Court set forth a "five-step procedure" that applies in cases where appellate counsel represents an indigent criminal defendant and believes "that there are no arguable appellate issues." *Moore v. State*, 119 So. 3d 1116, 1118 (¶10) (Miss. Ct. App. 2013). In particular:

(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].

(2) As part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining:

(a) the reason for the arrest and the circumstances surrounding arrest;

(b) any possible violations of the client's right to counsel;

(c) the entire trial transcript;

(d) all rulings of the trial court;

(e) possible prosecutorial misconduct;

(f) all jury instructions;

(g) all exhibits, whether admitted into evidence or not; and

(h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant,

4

inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Id.* at 1118-19 (¶10) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶11.    Upon review of the Appellant's brief, we find that Barden's appellate counsel complied with the requirements set forth in *Lindsey*. *See Lindsey*, 939 So. 2d at 748 (¶18). In particular, Barden's appellate counsel stated that she reviewed the following:

(a) the reason for the arrest and the circumstances surrounding Ms. Barden's arrest; (b) any possible violations of Barden's right to counsel; (c) the entire trial transcript and contents of the record; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing; and (i) the indictment and all of the pleadings in the record; . . . (j) any possible ineffective assistance of counsel issues; and (k) whether the verdict was supported by the overwhelming weight of the evidence.

Barden's appellate counsel further confirmed that after undergoing this review, determining that there were no arguable issues, and preparing the *Lindsey* brief, she then sent a copy of the brief to Barden. She advised Barden that although she did not find any arguable issues, Barden had the right to file a pro se supplemental brief. This Court granted Barden forty additional days to do so, but Barden did not file a supplemental brief.

¶12.    This Court has also independently and thoroughly reviewed the record. After doing

5

so, we find that there is sufficient evidence to support Barden's conviction, there are no arguable issues that would require supplemental briefing, and there are no issues that warrant reversal. *Jackson* v. State, 335 So. 3d 620, 623 (¶11) (Miss. Ct. App. 2022). We therefore affirm Barden's conviction and sentence.

¶13. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**